UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY JEFFERSON,

Plaintiff,

v.                                                CAUSE NO. 3:23CV679-PPS/JPK

JUDGE ROBERT L. MILLER, JR., et al.,

Defendants.

<u>OPINION & ORDER</u>

Anthony Jefferson, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, a pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Jefferson alleges his previous case, *Jefferson v. Stidman*, cause no. 3:22CV563-RLM/JPK (N.D. Ind. July 19, 2022), was improperly dismissed. That case was dismissed on April 20, 2023, after Jefferson failed to respond to a show cause order directing him to show cause why he had not paid the full initial partial filing fee. *See id*. at ECFs 9, 10,

11. In post-dismissal letters sent to the court, Jefferson argued that he had paid the fee by the deadline and had not received the relevant orders because he had been transferred to a different facility during that timeframe. *See id*. at ECF 12 & ECF 14. After investigation into the court's internal finance system and a review of the docket showed Jefferson's allegations regarding the filing fee were accurate, the court re-opened the case in the interests of justice. *See id*. at ECF 17.[1] His current lawsuit sues Judge Miller for dismissing the previous suit. He also sues S. Jarrell, the case administrator in the clerk's office who signed the judgment, and Chanda Berta, the Clerk of Court because her name appears on the judgment as well. He seeks injunctive relief to "Right his wrong [and] allow case no. 3:22-CV-563 to be reopened and tried by the court." ECF 1 at 3.

I find that Jefferson has not stated any constitutional claims. As an initial matter, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Jefferson doesn't allege that Judge Miller lacked jurisdiction to preside over his previous case, and there is no question that issuing orders—including those related to filing fees—and

---

[1] Jefferson submitted the complaint in this case before the order re-opening the previous case was docketed.

rendering decisions are judicial acts. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, he can't proceed against Judge Miller.

As for the Clerk and her case administrator, the Seventh Circuit has noted the importance of absolute immunity in protecting "the *judicial process* from the harassment and intimidation associated with litigation." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (emphasis in original). When applying the "doctrine [of immunity] to auxiliary judicial personnel, we must remember the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . warrants this extension of the doctrine." *Id.* (internal quotation marks and citation omitted). Thus, when a clerk's actions are "administrative in character [but] have been undertaken pursuant to the explicit direction of a judicial officer," they are protected by quasi-judicial absolute immunity. *Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004); *see also McDonald v. White*, 465 Fed. Appx. 544, 548 (7th Cir. 2012) ("Judicial clerks are entitled to absolute immunity when they act at the direction of a judicial officer . . .."). Here, Jefferson sues Ms. Berta and Mr. Jarrell for signing and issuing the judgment in his previous case. However, that judgment was issued by the clerk at the explicit direction of the judicial officer—namely, Judge Miller's dismissal order. As such, these defendants are entitled to quasi-judicial immunity.

Finally, to the extent any other claims were alleged, they are now moot because Jefferson has only requested injunctive relief in the form of reopening the previous case, and Judge Miller has already done so. *See e.g., Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated....  In an action seeking only injunctive relief, this requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot.") (internal citations omitted).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

ACCORDINGLY:

This case is DISMISSED pursuant to 28 U.S.C. § 1915A because Anthony Jefferson has sued defendants who are immune from suit and because the complaint does not state any viable claims.

SO ORDERED on July 21, 2023.

  /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT